**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Andre Grant,** | ) | **CASE NO. 1:26 CV 1887** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| **Legends Treatment Center,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**Background**

*Pro se* Plaintiff Andre Grant has filed an *in forma pauperis* civil rights complaint in this action against Legends Treatment Center (Legends). (Doc. No. 1.) Other than listing himself as Plaintiff and Legends as Defendant, his form complaint (Doc. No. 1) is entirely blank. It alleges no specific legal claim or cause of action, sets forth no statement of claim, and requests no specific relief. In a "Complaint Against Legends Treatment Center of Cleveland" he has attached as Exhibit A to his complaint, however, he states that this is an action against Legends for "racial discrimination, failing to treat [him] and others equally as employees, and wrongful termination." (Doc. No. 1-1 at 1.) As best as the Court is able to discern from this exhibit, Plaintiff's complaint in this case is that he was unlawfully terminated from his employment with Legends after he and other black employees "received phone calls stating that there was a complaint by a client stating that abusive language was used against a client." (*Id.*) He complains he was not told "who the client was, where the complaint occurred, and where the audio and video were."

(*Id.*) He states there were "unfair and unequal practices within the company" and that white employees (Harry Proctor and Amber H.) got preferential treatment for their misconduct. (*Id.*) He states the "actions taken by [Legends] handling Harry Proctor and Amber H's issues . . . were not the same for [him]" and other black employees and that this violates the Fourteenth Amendment to the Constitution. (*Id.* at 2.)

Plaintiff has also attached a "Statement of Facts" as Exhibit B to his complaint. (Doc. No. 1-2.) In this Statement, Plaintiff indicates he received an unfavorable determination on race discrimination claims he asserted before the Ohio Civil Rights Commission (OCRC); he contends the investigator from the OCRC was biased; and he states he "is filing a notice of appeal with this court." (*Id.* at 1.)

**Standard of Review and Discussion**

Although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the liberal treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim" under § 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B).

As noted above, Plaintiff's complaint on its face fails to allege any specific federal claim or cause of action, and it is unclear whether Plaintiff purports to assert only a claim under the Fourteenth Amendment relating to employment, or also to appeal a decision of the OCRC. His action warrants dismissal for this reason alone. A court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (internal quotation marks omitted) (citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *see also Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (courts are not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Shampine v. East Cleveland Board of Education*, 1:22-cv-1273, 2022 WL 16636976, at *2 (N.D. Ohio Nov. 2, 2022) (dismissing *pro se* complaint pursuant to § 1915(e)(2)(B) which failed to make clear whether the plaintiff purported to assert a federal claim relating to employment, or simply to assert claims under Ohio law).

Furthermore, Plaintiff's pleadings are insufficient to state a plausible claim upon which

he may be granted relief under either the Fourteenth Amendment, or to the extent he purports to appeal a decision of the OCRC.

To state a claim for relief for a violation of the Fourteenth Amendment, Plaintiff must make out a claim under 42 U.S.C. § 1983, which is the federal statute authorizing a private right of action for violations of the Constitution. But to state a § 1983 claim, a plaintiff must plead and prove that he was deprived of a right secured by the Constitution or laws of the United States by a person acting "under color of state law." *See Waters v. City of Morristown*, 242 F.3d 353, 359-60 (6th Cir. 2001). Plaintiff has alleged, or set forth facts plausibly suggesting, that Legends is a state actor. *See Bell v. Management & Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005) (private employers are not state actors under §1983 unless their actions can be fairly attributable to the state).

And Ohio law provides that an OCRC decision may only be appealed to a state court of common pleas. Ohio Revised Code § 4112.06(A) states: "Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof . . . in a proceeding . . . brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed." Ohio Revised Code § 4112.06(F) states that the jurisdiction of the state "court shall be exclusive and its judgment and order shall be final subject to appellate review." Accordingly, this Court lacks jurisdiction to consider any appeal Plaintiff may be purporting to assert from a decision of the OCRC.

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No.

2) is granted, and his action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2026